# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOHN A. BENDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-2595-L |
| | § | |
| DAVID J. SHULKIN, M.D., | § | |
| Secretary of Veteran's Affairs,[1] | § | |
| | § | |
| Defendant. | § | |

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

On March 23, 2017, the court issued an amended memorandum opinion and order in this case granting in part and denying in part Defendant's Motion for Summary Judgment. *See* Doc. 69. With respect to Plaintiff John A. Bender's claims against Defendant for violations of the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21.001 *et seq.*, the court noted that it had "serious concerns as to whether Bender, a federal employee, can even assert state law employment discrimination claims against the Veterans Administration" and that further briefing on this matter was required, "as neither party addressed this issue." Am. Mem. Op. & Order at 2, note 2. In that vein, the court stated as follows:

> Although not raised by Defendant, the court *sua sponte* raises for summary judgment purposes whether Plaintiff, as a federal employee, can assert state law employment discrimination claims against the VA in light of existing Supreme Court and Fifth Circuit precedent. In particular, the Supreme Court has held that Title VII provides the exclusive remedy for claims of employment discrimination filed against the federal government, since "Congress intended [Title VII] to be exclusive and pre-

---

[1] On February 13, 2017, David J. Shulkin, M.D., replaced Robert A. McDonald as the Secretary of Veteran's Affairs. Accordingly, the court has altered the caption to reflect that the proper named Defendant is David J. Shulkin, M.D. *See* Fed. R. Civ. P. 25(d), which provides that a public official's successor is automatically substituted as a party.

**Supplemental Memorandum Opinion and Order - Page 1**

> emptive" regarding federal employment. *Brown v. General Servs. Admin.*, 425 U.S. 820, 829, 835 (1976). The Fifth Circuit and lower federal courts in this circuit have applied the Supreme Court's decision in *Brown* to dismiss federal employees' federal and state statutory and common law claims arising out of an employment relationship when these claims were joined with Title VII claims. *See Smith v. Harvey*, 265 F. App'x 197, 200 (5th Cir. 2008) (citations omitted) (affirming dismissal of all federal non-Title VII claims and all state law claims); *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992) (citation omitted)*; Irwin v. Veterans Admin.*, 874 F.2d 1092, 1095 (5th Cir. 1989) (citation omitted); *Porter v. Shinseki*, 650 F. Supp. 2d 565, 571 (E.D. La. 2009) (citations omitted). Further, the court notes that pursuant to the doctrine of sovereign immunity, federal courts do not have jurisdiction over suits against the United States absent a statutory waiver of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The court is not aware of any waiver of sovereign immunity by the United States with respect to lawsuits under the TCHRA.
>
> In light of this precedent, the court **directs** Plaintiff to state whether authority exists for him to assert his state-law claims of employment discrimination against Defendant, and to provide the court with this authority in a written response not to exceed **five (5) pages**. The deadline for Plaintiff to file his response is **March 29, 2017.** Defendant shall not reply unless directed to do so by the court. Following receipt of Plaintiff's written response, the court will determine whether its current ruling on Defendant's Motion for Summary Judgment, *supra*, requires amendment or supplementation with respect to Plaintiff's state law employment discrimination claims.

*Id.* at 31-32 (original emphasis).

In response to the court's directive, on March 23, 2017, Plaintiff filed "Plaintiff's Statement Regarding Texas Labor Code Claims" (Doc. 70), acknowledging that Title VII is the exclusive remedy for employment discrimination claims brought by a federal employee, and stipulating to the dismissal of Plaintiff's state-law discrimination and retaliation claims. Thus, this court *lacks* jurisdiction to entertain any state-law claims.

In light of Plaintiff's concession and stipulation of dismissal, the court hereby **vacates** all rulings in its amended memorandum opinion and order pertaining to Plaintiff's state-law

discrimination and retaliation claims under the Texas Labor Code, which are hereby **dismissed without prejudice** for want of jurisdiction.

In addition, the court **vacates** footnote 10 of the amended memorandum opinion and order and **replaces** footnote 10 with the following text:

> "House nigger" or "house negro" is a "pejorative term for a black person, used to compare someone to a house slave of a slave owner from the historic period of legal slavery in the United States." https://en.wikipedia.org/wiki/House_Negro. Further, references by Milligan and a colleague to reading a book called "The Monkey," happening at the same meeting where Carroll called Bender a "house nigger," is sufficient for a reasonable jury to conclude that the term "monkey" was being used as a derogatory term for the African-American employees attending the meeting. *See, e.g., Walker v. Thompson*, 214 F.3d 615, 626 (5th Cir. 2000), *abrogated on other grounds by Burlington Northern*, 548 U.S. 53 (2006)) (A triable issue was raised with regard to hostile work environment where, inter alia, supervisors referred to African-American employees as "monkeys."). Finally, a reasonable juror could easily conclude that Gregg's threat to kill Bender, immediately after telling Bender that "all the niggers" would be gotten rid of, is severe enough to constitute a hostile work environment.

Remaining for trial are Plaintiff's Title VII hostile work environment claim and retaliation claim, with the exception of those portions of the retaliation claim the court has dismissed.[2] All portions of the court's amended memorandum opinion and order, filed March 23, 2017 (Doc. 69), that are not amended, modified, or replaced herein, **remain** in full effect.

This action will be three years old on July 18, 2017. Given the age of this case, it will be tried in July, August, or by mid-September 2017. The parties are **directed** to inform the court of the number of days (allowing six hours per day of testimony) it will take to try this case if it is not resolved by settlement and to provide the court with dates in each of the three listed months in which

---

[2] The court granted Defendant's Motion for Summary Judgment on Plaintiff's claim that the following acts constituted unlawful retaliation under Title VII: exclusion from meetings; denial of advance leave; loss of computer privileges; loss of a key; the order to attend meetings with all members of the Quad; and Milligan's disparaging comments to Bender's new supervisor. *See* Mem. Op. & Order at 22, note 8. The court dismissed these claims with prejudice. *Id.* at 31.

they can be available to try this action. The parties shall provide this information in writing to the court by **April 17, 2017**.

**It is so ordered** this 27th day of March, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge